UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JACQUELYN KELLY NOVAK,                          Case No. 3:23-cv-01511-AA

        Plaintiff,                                              ORDER

        v.

KEN JESKE and FOREST LEDBETTER,

        Defendants.

_____

AIKEN, District Judge.

        Plaintiff, an adult in custody (AIC) with the Oregon Department of Corrections (ODOC), files this action pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated her right to equal protection under the Fourteenth Amendment. Plaintiff's Complaint is deficient in several respects and she is allowed the opportunity to amend her Complaint and cure the noted deficiencies.

1 - ORDER

This Court must dismiss an action initiated by an inmate seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

To state a civil rights claim under § 1983, Plaintiff must allege facts plausibly suggesting that 1) a person acting under color of law 2) deprived her of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff alleges that Defendants violated her equal protection rights by prohibiting Plaintiff and other female AICs from taking possession of Xbox consoles purchased from an outside vendor. Plaintiff claims that she and the other AICs were "forced" to accept refunds for the consoles, while male AICs were allowed to possess and "play several different entertainment console[s] in their cells." Pl.'s Compl. at 5.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To

state a claim for violation of the Equal Protection Clause, Plaintiff must allege facts plausibly

showing that Defendants intentionally treated her differently from other similarly situated inmates

or that Defendants intentionally discriminated against her based upon her membership in a

protected class. *See Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Thornton v.*

*City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). A prison regulation or practice that

implicates gender-based equal protection rights may be subject to intermediate scrutiny. *Harrison*

*v. Kernan*, 971 F.3d 1069, 1076 (9th Cir. 2020). Under this level of scrutiny, prison officials must

show that the challenged regulation or practice serves "important government objectives, and that

its means are substantially related to the achievement of those objectives." *Id.* (citation omitted).

Plaintiff's Complaint and attached exhibits reflect that Plaintiff purchased an Xbox console

and several games from Reboot Salem. Plaintiff was not allowed to take possession of the console

and ODOC subsequently reimbursed her for the full purchase price. Plaintiff filed a Discrimination

Complaint and alleged that she was being discriminated against based on her gender, because male

AICs were allowed to possess gaming consoles. Defendant Jeske responded, as follows:

> As previously explained, the X-Box system you purchased, and have been
> reimbursed for, was not authorized through the appropriate security and purchasing
> policies and did not get approved through IT to ensure connectivity security
> standards. When I learned of this issue, all new purchases of gaming consoles were
> ceased until we could become compliant with our policies. This work is underway.
> We have received and approved a secure gaming system from the vendor, have
> identified a proposed list of games, and are finalizing an affordable price for these
> modified consoles. We are finalizing the new AIC purchase program so every AIC
> will have the opportunity to own their own system and do so within DOC policies.
> Once this new program is drafted, it will go through the state wide Institution
> Security Managers (ISM) for consideration and approval.

Pl.'s Compl. (ECF No. 1 at 66). Jeske subsequently informed Plaintiff that ODOC was "nearly

finished with a[n] appropriately approved Nintendo Switch purchase program that meets the IT

3 - ORDER

security needs, follows DAS purchasing guidelines and allows all AIC's across the state to own

vs. rent these devices and games through an appropriate process." *Id.* (ECF No. 1 at 71).

Plaintiff's allegations do not plausibly suggest that Defendants intentionally discriminated

against female AICs by prohibiting them from possessing Xbox consoles because of their gender.

Plaintiff cites no ODOC or institutional policy that prohibits female AICs from possessing gaming

consoles, and ODOC apparently intends to implement a policy under which all AICs may purchase

gaming consoles. Further, Plaintiff alleges no action or comment by either Defendant that raises

an inference of discriminatory intent, and Plaintiff does not allege that either Defendant personally

permitted male AICs to take possession of Xbox consoles purchased through inadequate approval

processes or purchased after ODOC "ceased" new purchases of gaming devices. Finally, even if

heightened scrutiny applies, "connectivity security" is as an important ODOC objective, and a

temporary cessation of console purchases is "substantially related" to that objective.

Despite the deficiencies of the Complaint, I cannot find that amendment would be futile.

Plaintiff is afforded an opportunity to amend her allegations and cure the noted deficiencies.

## CONCLUSION

Within thirty days from the date of this Order, Plaintiff may file an Amended Complaint

curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the

dismissal of this action, with prejudice. Plaintiff's Motion for Appointment of Counsel (ECF No.

3) is DENIED with leave to renew if the case proceeds.

IT IS SO ORDERED.

DATED this  15th  day of November, 2023.

_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge

4 - ORDER